UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHRAF AYESH,
     Plaintiff,
v.

EXPERIAN INFORMATION SOLUTIONS, INC.
a foreign corporation,
APPLIED BANK CORPORATION,
a foreign corporation,
ARIZONA PUBLIC SERVICE COMPANY,
a foreign corporation,
GRANT AND WEBER
a California corporation,
jointly and severally,
     Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for their Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

1

**VENUE**

3.  Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as Defendant Experian has a registered office in Michigan.

**GENERAL ALLEGATIONS**

4.  The Plaintiff is a victim of identity theft.

5.  Three accounts appeared on all three of his consumer credit files with the major credit reporting agencies, as follows:

    a.  Applied Bank, Account Number 422709743105…．,

    b.  Arizona Public Service, Account Number 89008….

    c.  Grant &Weber, Account Number 007717022.

    (individually "Bogus Trade Line" and collectively "Bogus Trade Lines")

6.  Sometime in 2011, Plaintiff faxed only a police report to Tran Union, Equifax and Experian regarding these three accounts that do not belong to him.

7.  Upon information and belief, each of the credit reporting agencies conveyed the Plaintiff's dispute the furnisher of each of the disputed trade lines, to the co-defendants.

8.  Trans Union and Equifax removed the Bogus Trade Lines from their credit files on the Plaintiff.

9.  The Bogus Trade Lines, however, were retained on by Experian on its credit file for the Plaintiff.

2

10. On or about February 1, 2012 Plaintiff, through counsel, sent Experian a letter disputing the Bogus Trade Lines.

11. Experian received this dispute letter on February 7, 2012.

12. Plaintiff attached the following documents to his dispute letter to Experian:

    a.   a copy of the Plaintiff's police report, which was filed on August 31, 2011;

    b.   an Affidavit signed by Plaintiff stating that he is the victim of identity theft and that he does not owe the alleged debts to Applied Bank, Arizona Public Service and Grant & Weber.

13. On or about February 14, 2012, Experian sent a letter to Plaintiff's counsel, in response to the Plaintiff's dispute letter, stating "Please note that if we have already verified the accuracy of the accounts with which your Plaintiff disagrees, and no addition information has been provided to us, the disputed information will remain as part of your Plaintiff's personal credit report until either your Plaintiff resolves it directly with the creditor or until the statute of limitations has expired."

14. On or about February 14, 2012, Experian sent a letter to the Plaintiff stating "Unless you send us relevant information to support your claim, we will not investigate this information again and you will not receive this notice again regarding this particular dispute."

15. To date, the Bogus Trade Lines remain on Plaintiff's consumer credit file with Experian.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY APPLIED BANK CORPORATION

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by all three Credit Reporting Agencies of the Plaintiff's consumer dispute to the Bogus Trade Lines, Applied Bank Corporation ("ABC") negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

18. ABC negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, ABC failed to direct all of the credit reporting agencies to remove the Bogus Trade Line.

19. ABC's Bogus Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with each credit reporting agency to which it is reporting such trade line.

20. As a direct and proximate cause of ABC's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. ABC is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. The Plaintiff has a private right of action to assert claims against ABC arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendants Applied Bank Corporation for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY APPLIED BANK CORPORATION

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by ABC that the plaintiff disputed the accuracy of the information it was providing, ABC willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

25. ABC willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of ABC's willful failure to perform its respective duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. ABC is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Applied Bank Corporation for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN.

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

30. Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

31. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

32. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

34. Experian is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN.

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

37. Such reports contained information about plaintiff that was false, misleading and inaccurate.

38. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

39.  After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

41. Experian is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ARIZONA PUBLIC SERVICE COMPANY

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. After being informed by all three Credit Reporting Agencies of the Plaintiff's consumer dispute to the Bogus Trade Lines, Arizona Public Service Company ("APSC") negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

44. APSC negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, APSC failed to direct all of the credit reporting agencies to remove the Bogus Trade Line.

8

45. APSC's Bogus Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with each credit reporting agency to which it is reporting such trade line.

46. As a direct and proximate cause of APSC's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

47. APSC is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

48. The Plaintiff has a private right of action to assert claims against APSC arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendants Arizona Public Service Company for damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ARIZONA PUBLIC SERVICE COMPANY

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. After being informed by APSC that the plaintiff disputed the accuracy of the information it was providing, APSC willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

51. APSC willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

52. As a direct and proximate cause of APSC's willful failure to perform its respective duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

53. APSC is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Arizona Public Service Commission for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

# COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY GRANT AND WEBER

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. After being informed by all three Credit Reporting Agencies of the Plaintiff's consumer dispute to the Bogus Trade Lines, Grant and Weber ("GW") negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

10

56. GW negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, GW failed to direct all of the credit reporting agencies to remove the Bogus Trade Line.

57. GW's Bogus Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with each credit reporting agency to which it is reporting such trade line.

58. As a direct and proximate cause of GW's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

59. GW is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

60. The Plaintiff has a private right of action to assert claims against GW arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendants Grant and Weber for damages, costs, interest and attorneys' fees.

**COUNT VI**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY GRANT AND WEBER**

61. Plaintiff realleges the above paragraphs as if recited verbatim.

11

62. After being informed by GW that the plaintiff disputed the accuracy of the information it was providing, GW willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

63. GW willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

64. As a direct and proximate cause of GW's willful failure to perform its respective duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

65. GW is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Arizona Public Service Commission for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

12

Respectfully submitted.


February 28, 2012          /s/ Gary Nitzkin
                           GARY D. NITZKIN (P 41155)
                           NITZKIN & ASSOCIATES
                           Attorneys for Plaintiff
                           22142 West Nine Mile Road
                           Southfield, MI 48033
                           (248) 353-2882
                           Email – gnitzkin@creditor-law.com